IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEMTOV MICHTAVI, | : | No.  4:CV-06-0628 |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| NEW YORK DAILY NEWS, et. al, | : | |

## MEMORANDUM AND ORDER

September 22, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The Plaintiff, Shemtov Michtavi ("Plaintiff" or "Michtavi"), an inmate at the Low Security Correctional Institution at Allenwood, in White Deer Pennsylvania, filed this *pro se* defamation action on March 27, 2006, naming as Defendants New York Daily News ("Daily News") and Matthew Kalman, a reporter employed by Daily News.  This case was referred to Magistrate Judge Blewitt for preliminary review and on July 19, 2006, the Magistrate Judge issued a Report and Recommendation (doc. 10), recommending that this Court *sua sponte* transfer this action to the United States District Court for the Southern District of New York.

Objections to Magistrate Judge Blewitt's Report were due by August 5, 2006.  On July 27, 2006, Plaintiff filed objections to the Magistrate Judge's Report. (Rec. Doc. 11).  This matter is now ripe for disposition.

1

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL BACKGROUND:**

The Plaintiff alleges that on or about March 6, 2006, the Defendants Daily News and Kalman "devised a scheme to defame Plaintiff and to inflict emotional distress upon Plaintiff." (Rec. Doc. 1 at 2). Plaintiff avers that on or about March 7, 2006, the Defendants Daily News and Kalman printed a story about the Israeli "mob," which described Plaintiff as a "key lieutenant" in the Israeli mob and stated that the Plaintiff was "expected to give evidence against [Ze'ev] Rosenstein,"

which the Plaintiff denies.  (Rec. Doc. 1 at 2).  Plaintiff further alleges that the Defendants intended to spread "vicious lies" about the Plaintiff "with wanton disregard for the truth" and urges that his "good name and reputation" have been harmed within his community and the state of Israel.  (Rec. Doc. 1 at 3).  Plaintiff does not allege that the Defendants themselves harassed, scorned, ridiculed, or threatened him, but rather as a result of the story, unnamed members of his community have greatly harmed and abused him.  Particularly, Plaintiff alleges he has been called a "mob rat," "Sammy the Bull," and "Sammy the Rat."[1]  (Rec. Doc. 1 at 5).

Plaintiff further alleges that the Defendants intentionally and falsely reported that he was "expected to give evidence against Rosenstein," which allegedly subjected him to threats, scorn and ridicule.  (Rec. Doc. 1 at 6).  Plaintiff claims that he has suffered severe emotional distress as a result of the Defendants actions, and has suffered from anxiety, sleeplessness and headaches.[2]  Plaintiff requests compensatory, punitive and exemplary damages "in an amount greater than one

---

[1] According to Plaintiff ,"Sammy the Bull" or "Sammy the Rat" refers to Sammy Gravano, who turned state witness against the mafia.  (Rec. Doc. 1 at 6).

[2] As noted by the Magistrate Judge, Plaintiff does not indicate what amount of this distress is attributable to the Defendants and what amount is caused by his twenty-year term of incarceration in a federal prison for drug offenses.  (Rec. Doc. 1 at 7).  U.S. v. Michtavi, 155 Fed. Appx. 433 (Fla. 2005).

million dollars," on his libel and intentional infliction of emotional distress claims.

**<u>DISCUSSION</u>**:

Within the Report and Recommendation, Magistrate Judge correctly notes, and the Plaintiff does not object, that this Court has subject matter jurisdiction to hear his claims based on alienage diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).  However, Magistrate Judge Blewitt further recommends that despite the existence of proper jurisdiction, the Middle District of Pennsylvania is not the proper venue for this action and the case should be transferred to the Southern District of New York.  The Plaintiff objects to the Magistrate Judge's recommendation of transfer.

Magistrate Judge Blewitt specifically found that the Middle District of Pennsylvania is not the proper venue for this case "due to the temporary nature of the Plaintiff's residence in a federal prison located in the Middle District of Pennsylvania."  (Rec. Doc. 10 at 6).  As noted, venue is generally proper, "in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a)(3).  The Defendants are subject to personal jurisdiction in the Middle District of Pennsylvania because circulation of a newspaper's subscriptions in a state establishes sufficient minimum contacts with

that state to establish personal jurisdiction.  See International Shoe v. Washington, 326 U.S. 310, 316 (1945).  However, Magistrate Judge Blewitt notes that a more appropriate venue exists, namely the Southern District of New York.

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it may have been brought, for the convenience of parties and witnesses.  District courts, in exercising broad discretion to transfer a case under § 1404(a), look to a variety of private and public interest factors, including the parties forum of preference, where the claim arose, the convenience of the parties and witnesses, the familiarity of the trial judge with the applicable state law in diversity cases, and the practical considerations that could make the trial easy, expeditious, or inexpensive.  See Jumara v. State Farm Ins. Co., 55 F.3d 873-879-880 (3d Cir. 1995).

As noted by the Magistrate Judge, a more appropriate, alternative venue exists in the Southern District of New York for a variety of reasons.  Venue is proper  because the Defendants are residents of the Southern District of New York, and accordingly that court has personal jurisdiction over them.  Taking the Jumara factors into consideration, it seems the Defendants would prefer the Southern District for the convenience both to them and their witnesses.  Second, that district is more familiar with cases alleging libel against New York-based newspapers than

is this Court.  Finally, Magistrate Judge Blewitt notes that most importantly, although the Plaintiff is currently incarcerated in the Middle District of Pennsylvania, his choice of venue is unstable, as he maybe removed to another institution within the discretion of the Bureau of Prisons at any point during his sentence.  Accordingly, Magistrate Judge Blewitt recommends transfer of this action to the Southern District of New York.

Plaintiff objects to the transfer of venue to the Southern District of New York, however Plaintiff's arguments do not persuade this Court.  First Plaintiff notes that he has three pending actions in the federal system, two of which are pending in the Souther District of Florida, and an appeal pending in the Court of Appeals of the Eleventh Circuit.   The fact that Plaintiff is involved in other actions in other districts and circuits does not militate in favor of keeping this case in this Court.  In fact, the ability of Plaintiff to litigate actions in courts located outside of the district within which he is incarcerated indicates that he will not be prejudiced by transfer of this action.  Plaintiff also objects to transfer because he fears that if he is "called as a witness," the Bureau of Prisons will "lock up his legal papers." (Rec. Doc. 11 at 1).  This argument is vague at best and does not disturb the Magistrate Judge's reasoning favoring transfer.

Our review of this case confirms Magistrate Judge Blewitt's determinations.

Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and are not persuaded by the Plaintiff's objections, we will adopt it as our own for the reasons cited herein

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (doc. 11) is ADOPTED in its entirety.

2. The Clerk is directed to transfer this action to the United States District Court for the Southern District of New York.

s/ John E. Jones III
John E. Jones III
United States District Judge
